## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **MOBILE DATA TECHNOLOGIES LLC,** | |
| Plaintiff | Civil Action No. 2::24-cv-435 |
| v. | |
| **SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.,** | **COMPLAINT FOR PATENT INFRINGEMENT** |
| | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Mobile Data Technologies LLC files this Complaint for Patent Infringement and Damages against Defendants Samsung Electronics America, Inc. and Samsung Electronics Co. Ltd., and would respectfully show the Court as follows:

### PARTIES

1.      Plaintiff Mobile Data Technologies LLC ("MDT" or "Plaintiff") is a Delaware limited liability company with its principal place of business at 1 Chisholm Trail Rd, Suite 450, Round Rock, TX 78681. MDT specializes in mobile technologies and social media solutions.

2.      On information and belief, Defendant Samsung Electronics America, Inc. ("SEA") is a corporation organized under the laws of the state of New York with flagship location at 6625 Excellence Way, Plano, TX 75023, and is a wholly-owned subsidiary of Samsung Electronics Co., Ltd. headquartered in Suwon, South Korea. Since at least June 10, 1996, SEA has been registered to do business in Texas under Texas SOS file number 0011028006 and Texas Taxpayer Number 11329511536. SEA may be served through its registered agent, CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

3.      On information and belief, Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized and existing under the laws of the Republic of Korea with a principal place of business at 129, Samsung-ro, Yeongstong-gu, Suwon-si, Gyeonggi-Do, Lorea 443-742.

4.      On information and belief, SEA and SEC (collectively referred to as "Samsung" or "Defendants") directly and/or indirectly develop, design, manufacture, use, distribute, market, offer to sell and/or sell infringing products and services in the United States, including in the Eastern District of Texas, and otherwise direct infringing activities to this District in connection with their products and services as set forth in this complaint. This includes but is not limited to Defendants' "Samsung Members" mobile application and Samsung Smart Phones.

## JURISDICTION AND VENUE

5.      This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*., including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285.

6.      This Court has federal subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

7.      Personal jurisdiction exists generally over the Defendants because each Defendant has sufficient minimum contacts and/or has engaged in continuous and systematic activities in the forum as a result of business conducted within Texas, including in the Eastern District of Texas. This Court has personal jurisdiction over Defendants pursuant to TEX. CIV. PRAC. & REM. CODE § 17.041 *et seq*. and principles of due process.  Personal jurisdiction also exists over each Defendant because on information and belief each, directly or through subsidiaries, makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products and/or services within Texas, including in the Eastern District of Texas, that infringe one or more claims of United States Patent Nos. 8,825,801, 9,032,039, 9,619,578, and 9,922,348 (herein referred to as the "Patents-In-

2

Suit" or the "MDT Patents"). Further, on information and belief, Defendants have placed or contributed to placing infringing products and/or services into the stream of commerce knowing or understanding that such products and/or services would be sold and used in the United States, in Texas, and within this District.

8.      Defendants' business includes Defendants' operation of the Internet website, <https://www.samsung.com/global/galaxy/apps/samsung-members/>, which is available to and accessible by users, customers, and potential customers of the Defendants within this District, and the Defendants' sale of, among other things, smartphones within this District, both online, *see e.g.*, <https://www.samsung.com/us/smartphones/galaxy-s24-ultra/>, through other online stores, and through varied brick-and-mortar locations within the District (*e.g.*, Verizon stores, T-Mobile stores, etc.). Moreover, Defendants advertise to District residents to hire employees located in the District. As of the time of this Complaint, Defendants have at least 24 job openings in Plano, TX. See e.g., <https://www.samsung.com/us/careers/>. To that end, and on information and belief, Defendants regularly conduct and solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from goods and services provided to residents of this District.

9.      Further, upon information and belief, Defendants have induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District.

10.     All allegations and support thereof regarding jurisdiction herein are hereby incorporated by reference for the purposes of venue.

11.     Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). Defendant SEA makes, uses, sells, offers to sell, and/or imports products and/or services that are accused of infringing the Patents-In-Suit into and/or within this District and has a regular and

established place of business within this District. Defendant SEC is a foreign company with no place of business in the United States.

12.     Defendant SEA maintains multiple places of business within this District. For example, Defendant SEA maintains its "Flagship North Texas Campus" in this District, which it opened in 2019 with a "216,000 square foot building" and "more than 1,000 regional employees." https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/ (last visited June 1, 2024). This facility is located at 6625 Excellence Way, Plano, Texas 75023:



13.     https://www.google.com/maps/ (6625 Excellence Way, Plano, Texas) (last visited June 1, 2024). Since opening SEA's Flagship Plano Campus in 2019, Samsung has further expanded its Plano footprint multiple times, including, for example, with the addition of locations at 6625 Declaration Way, Plano, Texas 75023, and at 6105 Tennyson Parkway, Plano, Texas 75023. See, e.g, https://www.dallasnews.com/business/retail/2023/01/06/samsung-growing-in-north-texas-with-offices-in-plano-and-coppell-warehouse/ (last visited June 1, 2024) ("In 2020, Samsung expanded the Plano office by another 75,000 square feet, according to planning

documents filed with the state. Then in 2021, Samsung added another 60,000 square feet of offices in the Legacy Central building at 6625 Declaration Way. Now Samsung is taking 33,226 square feet of offices in another Plano building. The South Korea-based company has leased the third floor in The Tennyson office campus at 6105 Tennyson Parkway in Legacy business park.").

14.     Further, for example, Samsung also maintains a "Samsung Experience Store" within the Eastern District of Texas, located at 2601 Preston Rd. #1214, Frisco, Texas 75034: https://www.samsung.com/us/samsung-experience-store/locations/ (last visited June 1, 2024). At this facility, Samsung invites its customers "to shop our Galaxy of products, learn directly from experts and get Samsung-certified service and repairs." https://www.samsung.com/us/samsung-experience-store/ (last visited June 1, 2024).



15.    Defendants have solicited business in the Eastern District of Texas, transacted business within this District, and attempted to derive financial benefit from the residents of this District, including benefits directly related to Defendants' infringement of the Patents-In-Suit.

16.    Defendants are properly joined under 35 U.S.C. § 299(a) because, on information and belief, Defendants commonly and/or jointly make, use, sell, offer to sell, test, design, distribute, and/or import the Accused Products such that at least one right to relief is asserted against Defendants jointly, severally, and in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, selling, offering to sell, and/or importing into the United States of the same Accused Products, and such that questions of fact common to all Defendants will arise in this action.

17.    Plaintiff confirms that it has complied with 35 U.S.C. § 287 as necessary.

## THE PATENTS-IN-SUIT

18.    On September 2, 2014, United States Patent No. 8,825,801 B2 ("the '801 patent"), entitled "METHOD, APPARATUS AND SYSTEM FOR MANAGEMENT OF INFORMATION CONTENT FOR ENHANCED ACCESSIBILITY OVER WIRELESS COMMUNICATION NETWORKS" was duly and legally issued by the USPTO to David Walker Harper, Jason James Sabella, and William Henry Munch. A true and correct copy of the '801 patent is attached hereto as **Exhibit A**.

19.    On May 12, 2015, United States Patent No. 9,032,039 B2 ("the '039 patent"), entitled "METHOD, APPARATUS AND SYSTEM FOR MANAGEMENT OF INFORMATION CONTENT FOR ENHANCED ACCESSIBILITY OVER WIRELESS COMMUNICATION NETWORKS" was duly and legally issued by the USPTO to David Walker Harper, Jason James Sabella, and William Henry Munch. A true and correct copy of the '039 patent is attached hereto as **Exhibit B**.

20.     On April 11, 2017, United States Patent No. 9,619,578 B2 ("the '578 patent"), entitled "METHOD, APPARATUS AND SYSTEM FOR MANAGEMENT OF INFORMATION CONTENT FOR ENHANCED ACCESSIBILITY OVER WIRELESS COMMUNICATION NETWORKS" was duly and legally issued by the USPTO to David Walker Harper, Jason James Sabella, and William Henry Munch. A true and correct copy of the '578 patent is attached hereto as **Exhibit C**.

21.     On March 20, 2018, United States Patent No. 9,922,348 B2 ("the '348 patent"), entitled "METHOD, APPARATUS AND SYSTEM FOR MANAGEMENT OF INFORMATION CONTENT FOR ENHANCED ACCESSIBILITY OVER WIRELESS COMMUNICATION NETWORKS" was duly and legally issued by the USPTO to David Walker Harper, Jason James Sabella, and William Henry Munch. A true and correct copy of the '348 patent is attached hereto as **Exhibit D**.

22.     Each of the Patents-in-Suit – the '801, '039, '578, and '348 patents – claim patent-eligible subject matter and presumed valid and enforceable under 35 U.S.C. §282.

23.     MDT is the exclusive owner by assignment of all rights, title, and interest in each of the Patents-in-Suit, including the right to bring this suit for injunctive relief and damages, and including the right to sue and recover all past, present, and future damages for infringement of the Patents-in-Suit. Marking was not required under 35 U.S.C. § 287, and to the extent it was, such requirement has been fulfilled.

24.     Defendants do not have a license to any of the Patents-in-Suit, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to any of the Patents-in-Suit whatsoever.

25.     Representative claim charts showing a sample of infringement of one claim of each of the Patents-in-Suit by the Accused Products are appended to this Complaint as Exhibits E-H.

## ACCUSED PRODUCTS

26.     Defendants make, use, sell, offer to sell, test, design, distribute, and/or import into the United States a social media application and software known as Samsung Members. *See e.g.,* https://play.google.com/store/apps/details?id=com.samsung.android.voc.     Samsung     Members allow users to share user-created content with other users via mobile devices through a computerized network.



Source: https://play.google.com/store/apps/details?id=com.samsung.android.voc (highlighting added)

HOU 5719747.1



Source: https://play.google.com/store/apps/details?id=com.samsung.android.voc.

27.    Defendants also make, use, sell, offer to sell, test, design, distribute, and/or import into the United States mobile smartphones, such as, but not limited to, the Samsung Galaxy smartphone lineup, including at least Galaxy S24 Series, Galaxy Z Flip5, Galaxy Z Fold5, Galaxy S23 FE, Galaxy A Series, and Galaxy S22 Series. *See* *e.g.*, https://www.samsung.com/us/smartphones/

28.     Hereafter, the term "Accused Products" refers to all products manufactured, used, tested, imported, sold or offered to sell by or on behalf of Defendants practicing the Patents-in-Suit and all processes employed by Defendants that practice the patents-in-suit, consisting of at least:

a.   Defendants' Samsung Members mobile application (formerly known as the Samsung+ app); and

b.   All current, former, and future Samsung smartphones capable of using the Samsung Members mobile application, including but not limited to the Samsung Galaxy lineup.

HOU 5719747.1

29.    Defendants have knowingly (since at least the date of this Complaint) and intentionally actively aided, abetted, and induced others to directly infringe each of the patents-in-suit (such as its customers in this District and throughout the United States).

30.    Samsung lists on its website an instruction guide to end users explaining how to download and utilize the Samsung Members mobile application and publishes a publicly accessible guide to utilizing the capabilities of the Samsung Members mobile application.

31.    The "Samsung Members" page includes, for example, a step-by-step guide on how to share information using the mobile device application along with the ability to "like" and "comment" on a given post.[1]

32.    Defendants have knowingly (since at least the date of this Complaint) and willfully infringes the Patents-in-Suit and have actively aided, abetted, and induced others to directly infringe the Patents-in-Suit (such as its customers in this District and throughout the United States).

## COUNT I
## PATENT INFRINGEMENT OF THE '801 PATENT

33.    Plaintiff restates and realleges the preceding paragraphs of this Complaint, which are incorporated by reference as if fully restated herein.

34.    Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents one or more claims of the '801 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendants' Accused Products.

35.    Defendants also indirectly infringe the '801 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

---

[1] https://www.samsung.com/us/apps/samsung-members/

HOU 5719747.1

36.    Defendants have knowingly (since at least the date of this Complaint) and intentionally actively aided, abetted, and induced others to directly infringe at least one claim of the '801 patent (such as its customers in this District and throughout the United States).

37.    Defendants continue to induce infringement of the '801 patent.

38.    Defendants have contributorily infringed and are contributory infringers because, with knowledge of the '801 patent (since at least the date of this Complaint), they supply a material part of a claimed combination, where the material part is not a staple article of commerce and is incapable of substantial non-infringing use.

39.    Defendants contribute to their customers' infringement because, with knowledge of the '801 patent, Defendants supply the technology that allows their customers to infringe the '801 patent.

40.    Defendants have knowledge that their activities concerning the Accused Products infringe one or more claims of the '801 patent.

41.    Defendants' customers, such as consumers or end users, have actually infringed claims of the '801 patent by using the Accused Products in a manner proscribed by Defendants, and as such, Defendants' customers are direct infringers.

42.    On information and belief, Defendants will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, distribute, and use the Accused Products (which are acts of direct infringement of the '801 patent) and Defendants have and will continue to encourage those acts with the specific intent to infringe one or more claims of the '801 patent.

43.    Further, Defendants provide information and technical support to their customers, including promotional materials, product manuals, brochures, videos, demonstrations, and website

HOU 5719747.1

materials encouraging its customers to purchase and instructing them to use Defendants' Accused Products (which are acts of direct infringement of the '801 patent).

44.    Alternatively, Defendants know and/or will know that there is a high probability that the importation, distribution, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '801 patent but took deliberate actions to avoid learning of these facts.

45.    On information and belief, Defendants have known that their activities concerning the Accused Products infringed one or more claims of the '801 patent since at least the date of this Complaint.

46.    On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

47.    Defendants have caused and will continue to cause MDT irreparable injury and damage by infringing one or more claims of the '801 patent. MDT will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the claims of the '801 patent.

48.    Defendants' infringement after at least the date of this Complaint of the '801 patent has been willful and merits increased damages.

49.    On information and belief, Defendants have known that their activities concerning the Accused Products infringed one or more claims of the '801 patent since at least the date of this Complaint.

50.    The claim chart attached hereto as **Exhibit E** describes how the elements of an exemplary claim 23 from the '801 patent are infringed by one or more of the Accused Products. This provides details regarding only one example of Defendants' infringement, and only as to a

single patent claim, and Plaintiff reserves its right to provide greater detail and scope via its Preliminary and Final Infringement Contentions at the time required under this Court's scheduling order.

## COUNT II
## PATENT INFRINGEMENT OF THE '039 PATENT

51.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

52.     Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 18 of the '039 patent, by making, using, testing, selling, offering for sale, distributing, and/or importing into the United States Defendants' Accused Products.

53.     Defendants also indirectly infringe the '039 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

54.     Defendants have knowingly (since at least the date of this Complaint) and intentionally actively aided, abetted, and induced others to directly infringe at least one claim of the '039 patent (such as its customers in this District and throughout the United States).

55.     Defendants continue to induce infringement of the '039 patent.

56.     Defendants have contributorily infringed and are contributory infringers because, with knowledge of the '039 patent (since at least the date of this Complaint), they supply a material part of a claimed combination, where the material part is not a staple article of commerce and is incapable of substantial non-infringing use.

57.     Defendants contribute to their customers' infringement because, with knowledge of the '039 patent, Defendants supply the technology that allows their customers to infringe the '039 patent.

58.    Defendants have knowledge that their activities concerning the Accused Products infringe one or more claims of the '039 patent.

59.    Defendants' customers, such as consumers or end users, have actually infringed claims of the '039 patent by using the Accused Products in a manner proscribed by Defendants, and as such, Defendants' customers are direct infringers.

60.    On information and belief, Defendants will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, distribute, and use the Accused Products (which are acts of direct infringement of the '039 patent) and Defendants have and will continue to encourage those acts with the specific intent to infringe one or more claims of the '039 patent.

61.    Further, Defendants provide information and technical support to their customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendants' Accused Products (which are acts of direct infringement of the '039 patent).

62.    Alternatively, Defendants know and/or will know that there is a high probability that the importation, distribution, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '039 patent but took deliberate actions to avoid learning of these facts.

63.    On information and belief, Defendants have known that their activities concerning the Accused Products infringed one or more claims of the '039 patent since at least the date of this Complaint.

64.    On information and belief, Defendants have made no attempt to design around the claims of the '039 patent.

65.    On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '039 patent were invalid.

66.     On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

67.     Defendants have caused and will continue to cause MDT irreparable injury and damage by infringing one or more claims of the '039 patent. MDT will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the claims of the '039 patent.

68.     Defendants' infringement after at least the date of this Complaint of the '801 patent has been willful and merits increased damages.

69.     The claim chart attached hereto as **Exhibit F** describes how the elements of an exemplary claim 18 from the '039 patent are infringed by one of more of the Accused Products. This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff expects to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

**COUNT III**
**PATENT INFRINGEMENT OF THE '578 PATENT**

70.     Plaintiff restates and realleges the preceding paragraphs of this Complaint.

71.     Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 9 of the '578 patent, by making, using, testing, selling, offering for sale, distributing, and/or importing into the United States Defendants' Accused Products.

72.     Defendants also indirectly infringe the '578 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

15

73.    Defendants have knowingly (since at least the date of this Complaint) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '578 patent (such as its customers in this District and throughout the United States).

74.    Defendants continue to induce infringement of the '578 patent.

75.    Defendants have contributorily infringed and are contributory infringers because, with knowledge of the '578 patent (since at least the date of this Complaint), they supply a material part of a claimed combination, where the material part is not a staple article of commerce and is incapable of substantial non-infringing use.

76.    Defendants contribute to their customers' infringement because, with knowledge of the '578 patent, Defendants supply the technology that allows their customers to infringe the '578 patent.

77.    Defendants have knowledge that their activities concerning the Accused Products infringe one or more claims of the '578 patent.

78.    Defendants' customers, such as consumers or end users, have actually infringed claims of the '578 patent by using the Accused Products in a manner proscribed by Defendants, and as such, Defendants' customers are direct infringers.

79.    On information and belief, Defendants will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, distribute, and use the Accused Products (which are acts of direct infringement of the '578 patent) and Defendants have and will continue to encourage those acts with the specific intent to infringe one or more claims of the '578 patent.

80.    Further, Defendants provide information and technical support to their customers, including product manuals, brochures, videos, demonstrations, and website materials encouraging

16

its customers to purchase and instructing them to use Defendants' Accused Products (which are acts of direct infringement of the '578 patent).

81.    Alternatively, Defendants know and/or will know that there is a high probability that the importation, distribution, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '578 patent but took deliberate actions to avoid learning of these facts.

82.    On information and belief, Defendants have known that their activities concerning the Accused Products infringed one or more claims of the '578 patent since at least the date of this Complaint.

83.    On information and belief, Defendants have made no attempt to design around the claims of the '578 patent.

84.    On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '578 patent were invalid.

85.    On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

86.    Defendants have caused and will continue to cause MDT irreparable injury and damage by infringing one or more claims of the '578 patent. MDT will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the claims of the '578 patent.

87.    On information and belief, Defendants' infringement after at least the date of this Complaint of the '578 patent has been willful and merits increased damages.

88.    The claim chart attached hereto as **Exhibit G** describes how the elements of an exemplary claim 9 from the '578 patent are infringed by one or more of the Accused Products.

This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff expects to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

### COUNT IV
### PATENT INFRINGEMENT OF THE '348 PATENT

89.    Plaintiff restates and realleges the preceding paragraphs of this Complaint.

90.    Defendants have, under 35 U.S.C. § 271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims, including without limitation at least claim 1 of the '348 patent, by making, using, testing, selling, offering for sale, distributing, and/or importing into the United States Defendants' Accused Products.

91.    Defendants also indirectly infringe the '348 patent by actively inducing the direct infringement by third parties under 35 U.S.C. § 271(b).

92.    Defendants have knowingly (since at least the date of this Complaint) and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '348 patent (such as its customers in this District and throughout the United States).

93.    Defendants continue to induce infringement of the '348 patent.

94.    Defendants have contributorily infringed and are contributory infringers because, with knowledge of the '348 patent (since at least the date of this Complaint), they supply a material part of a claimed combination, where the material part is not a staple article of commerce and is incapable of substantial non-infringing use.

95.    Defendants contribute to their customers' infringement because, with knowledge of the '348 patent, Defendants supply the technology that allows their customers to infringe the '348 patent.

HOU 5719747.1

96.     Defendants have knowledge that their activities concerning the Accused Products infringe one or more claims of the '348 patent.

97.     Defendants' customers, such as consumers or end users, have actually infringed claims of the '348 patent by using the Accused Products in a manner proscribed by Defendants, and as such, Defendants' customers are direct infringers.

98.     On information and belief, Defendants will continue to encourage, aid, or otherwise cause third parties to import, sell, offer for sale, distribute, and use the Accused Products (which are acts of direct infringement of the '348 patent) and Defendants have and will continue to encourage those acts with the specific intent to infringe one or more claims of the '348 patent.

99.     Further, Defendants provide information and technical support to their customers, including promotional materials, product manuals, brochures, videos, demonstrations, and website materials encouraging its customers to purchase and instructing them to use Defendants' Accused Products (which are acts of direct infringement of the '348 patent).

100.    Alternatively, Defendants know and/or will know that there is a high probability that the importation, distribution, sale, offer for sale, and use of the Accused Products constitutes direct infringement of the '348 patent but took deliberate actions to avoid learning of these facts.

101.    On information and belief, Defendants have known that their activities concerning the Accused Products infringed one or more claims of the '348 patent since at least the date of this Complaint.

102.    On information and belief, Defendants have made no attempt to design around the claims of the '348 patent.

103.    On information and belief, Defendants did not have a reasonable basis for believing that the claims of the '348 patent were invalid.

104.    On information and belief, Defendants' Accused Products are available to businesses and individuals throughout the United States and in the State of Texas, including in this District.

105.    Defendants have caused and will continue to cause MDT irreparable injury and damage by infringing one or more claims of the '348 patent. MDT will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendants are enjoined from infringing the claims of the '348 patent.

106.    On information and belief, Defendants' infringement after at least the date of this Complaint of the '348 patent has been willful and merits increased damages.

107.    The claim chart attached hereto as **Exhibit H** describes how the elements of an exemplary claim 1 from the '348 patent are infringed by one or more of the Accused Products. This provides details regarding only one example of Defendants' infringement, and only as to a single patent claim, and Plaintiff expects to provide greater detail and scope via its Infringement Contentions at the time required under this Court's scheduling order.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Mobile Data Technologies LLC respectfully requests the following relief:

A.    A judgment that Defendants have directly infringed either literally and/or under the doctrine of equivalents and continue to directly infringe the MDT Patents set forth in this Complaint;

B.    A judgment that Defendants have actively induced infringement and continue to induce infringement of the MDT Patents set forth in this Complaint;

C.    A judgment that Defendants have contributorily infringed and continue to contributorily infringe the MDT Patents set forth in this Complaint;

D.     A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284 (including without limitation both convoyed and derivative sales), as well as supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed;

E.     A judgment that Defendants' infringement of each of the MDT Patents is willful;

F.     A judgment that Defendants' infringement of enhanced damages pursuant to 35 U.S.C. § 284;

G.     A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

H.     An accounting for acts of infringement and supplemental damages for infringement and/or damages not presented at trial, including, without limitation, pre-judgment and post-judgment interest on the damages awarded;

I.     A judgment and order awarding a compulsory ongoing royalty;

J.     A judgment and order awarding Plaintiff costs associated with bringing this action;

K.     A judgment granting a preliminary and permanent injunction that restrains and enjoins Defendants, their officers, directors, divisions, employees, agents, servants, parents, subsidiaries, successors, assigns, and all those in privity, concert, or participation with them from directly or indirectly infringing the MDT Patents;

L.     All equitable relief the Court deems just and proper; and

M.     Such other relief which may be requested and to which the Plaintiffs are entitled.

## **JURY TRIAL DEMANDED**

Pursuant to FED. R. CIV. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

HOU 5719747.1

Dated: June 10, 2024

Respectfully submitted,

By: */s/ Erick S. Robinson*_____
**SPENCER FANE LLP**
Erick S. Robinson, Lead Counsel
Texas Bar No. 24039142
Patrick M. Dunn
Texas Bar No. 24125214
816 Congress Avenue, Suite 1200
Austin, TX 78701
Telephone: (512) 840-4550
Fax: (512) 840-4551
erobinson@spencerfane.com
pdunn@spencerfane.com


Michael C. Smith
Texas Bar No. 18650410
**SCHEEF & STONE LLP**
113 East Austin Street
Marshall, Texas 75670
Telephone: (903) 938-8900
michael.smith@solidcounsel.com

***Attorneys for Plaintiff***
***Mobile Data Technologies LLC***

HOU 5719747.1