# EXHIBIT G

# Mobile Data Technologies

# v.

# Samsung*

## Asserted U.S. Patent No. 9,619,578

"Method, apparatus and system for management of information content for enhanced accessibility over wireless communication networks"

## Plaintiff's Claim Charts

## Exhibit G

*Infringement by both Samsung defendants is evidenced in similarly, so that there is only one chart per patent as to the Complaint.

This claim chart is based on publicly available information regarding Defendants' products. Plaintiff will be seeking Defendants' internal documentation, including without limitation technical documentation such as schematics and datasheets as well as source, in discovery and therefore Plaintiff reserves the right to amend or further supplement this claim chart in accordance with the Court's schedule and local patent rules.

The term "Accused Products" herein means the same as in the Complaint, which is hereby incorporated by reference.

This claim chart specifically addresses infringement of Claim 9 ("Asserted Claim") of the '578 Patent by Defendants' Accused Products, and merely demonstrates one way in which Defendants infringe this claim of the '578 Patent.

These charts provide representative examples of direct infringement. To the extent that the charts reference Accused Products utilized by third-parties, Plaintiff's infringement assertion is still one of direct infringement because either a single Defendant is responsible for all accused functionality, or a plurality of Defendants constitute a joint enterprise that direct or control other Defendant(s)'s performance of the accused functionality. *See, e.g.*, *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (2015).

These charts show literal infringement. However, Plaintiff has additionally asserted infringement under the doctrine of equivalents. To the extent that the Accused Products are found to not literally infringe the express terms of the claims in suit, the elements of the Accused Products and the claimed elements of the patented invention are equivalent and Defendant infringements under the doctrine of equivalents. Plaintiff does not waive its assertions under the doctrine of equivalents.

Although Plaintiff will provide its damages information at the date set by the Court,, Plaintiff makes clear that it is also seeking damages based on convoyed sales.

'578 Patent

Claim: 9 – Element (A)

An apparatus comprising:

a processing element comprising a processor coupled to a memory;

- The "**Samsung Members**" app operates from servers located at us.community.samsung.com.

- The servers at this location necessarily have a processing element that is coupled to a memory.

- The app "**Samsung Members**" community has almost 19 million members.





Source: https://onlinelibrary.wiley.com/doi/epdf/10.1002/wcm.1203

https://us.community.samsung.com/t5/Samsung-Community/ct-p/us?page=1&tab=recent_topics
Welcome to the Samsung Members Community
Date acquired: 2/12/2024

3

Claim 9, Element (A) - The Accused Products literally infringe this claim element. Alternatively, the limitations of this claim element are present under the Doctrine of Equivalents because to the extent there are any differences between the Accused Product and this claim element, such differences are insubstantial. Further, equivalency may be shown by the fact that the Accused Product performs substantially the same function in substantially the same way to achieve substantially the same result as recited in this claim element.

the processing element providing at least a portion of a first interface permitting designation of at least one content item, via a mobile device, for insertion into an application-based information channel, the at least one content item comprising media data captured by the mobile device; and

- The processing element in the "Samsung Members" app server provides at least a portion of an interface that allows users to designate a device-captured content item (e.g. a photo of trees as shown) into an application-based information channel (Samsung Members).





https://r2.community.samsung.com/t5/Tech-Talk/How-to-post-on-Samsung-Members/td-p/8220552
Original topic: How to post on Samsung Members
Date acquired: 2/12/2024

Claim 9, Element (B) - The Accused Products literally infringe this claim element. Alternatively, the limitations of this claim element are present under the Doctrine of Equivalents because to the extent there are any differences between the Accused Product and this claim element, such differences are insubstantial. Further, equivalency may be shown by the fact that the Accused Product performs substantially the same function in substantially the same way to achieve substantially the same result as recited in this claim element.

4

## '578 Patent

### Claim: 9 – Element (C)

the processing element being configured:
to integrate the at least one content item and information associated with at least one wireless networking functionality of the mobile device to generate at least one integrated content item; and

- The processing element in the "Samsung Members" app server is configured to integrate a content item (photo of the Burj Khalifa) with information (e.g. username, date, time, Group) associated with at least one networking functionality of the mobile device (messaging action) into an integrated content item.

- The dashed lines represent the content item (photo) and the information. The solid line represents the integrated content item.



https://us.community.samsung.com/t5/Creator/Burj-Khalifa/m-p/2751579#M4937
Original topic: Burj Khalifa
Date acquired: 2/12/2024

5

Claim 9, Element (C1) - The Accused Products literally infringe this claim element. Alternatively, the limitations of this claim element are present under the Doctrine of Equivalents because to the extent there are any differences between the Accused Product and this claim element, such differences are insubstantial. Further, equivalency may be shown by the fact that the Accused Product performs substantially the same function in substantially the same way to achieve substantially the same result as recited in this claim element.


| '578 Patent | |
|---|---|
| **Claim: 9 – Element (D1)** | |
| **to insert the at least one integrated content item into the application-based information channel**, the application-based information channel providing a second interface wherein two or more users share access to a plurality of content items including the at least one integrated content item. |  |

- The processing element in the "Samsung Members" app server is configured to insert the integrated content item (photo and information) into the application-based information channel (Samsung Members Community).

https://us.community.samsung.com/t5/Creator/Burj-Khalifa/m-p/2751579#M4937
Original topic: Burj Khalifa
Date acquired: 2/12/2024

6

Claim 9, Element (D) - The Accused Products literally infringe this claim element. Alternatively, the limitations of this claim element are present under the Doctrine of Equivalents because to the extent there are any differences between the Accused Product and this claim element, such differences are insubstantial. Further, equivalency may be shown by the fact that the Accused Product performs substantially the same function in substantially the same way to achieve substantially the same result as recited in this claim element.

to insert the at least one integrated content item into the application-based information channel, the application-based information channel providing a second interface wherein two or more users share access to a plurality of content items including the at least one integrated content item.

- The application-based information channel (Samsung Members Community) provides a second interface enabling two or more users access to a plurality of content items(additional photos, comments), including the integrated content item (Burj Khalifa with comments).



https://us.community.samsung.com/t5/Creator/Burj-Khalifa/m-p/2751579#M4937
Original topic: Burj Khalifa
Date acquired: 2/12/2024

7

Claim 9, Element (D2) - The Accused Products literally infringe this claim element. Alternatively, the limitations of this claim element are present under the Doctrine of Equivalents because to the extent there are any differences between the Accused Product and this claim element, such differences are insubstantial. Further, equivalency may be shown by the fact that the Accused Product performs substantially the same function in substantially the same way to achieve substantially the same result as recited in this claim element.